SWEET, DEMANDANTE Y APELADO, *v.* ZALDUONDO, DEMANDADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 2ª., en pleito sobre cobro de dinero.

No. 1750.—Resuelto en mayo 7, 1918.

COBRO DE SERVICIOS—CONVENIO ENTRE ABOGADO Y CLIENTE—EXTENSIÓN DEL
MISMO.—El convenio habido entre un abogado y su cliente sobre la cuantía
de honorarios que el primero deba percibir por la defensa del segundo en
determinados pleitos en que el cliente es demandado no puede ser extensivo
al caso en que los pleitos sean desestimados por abandono del demandante,
pues sea cual fuere la generalidad de los términos de un contrato no deben
estimarse comprendidos en él cosas distintas y casos diferentes de aquellos
sobre que los interesados se propusieron contratar.

ID.—SERVICIOS PROFESIONALES—FALTA DE CONVENIO—ACCIÓN PARA RECLAMAR.—
Cuando no ha habido convenio entre las partes para la remuneración de los
servicios profesionales prestados por un abogado, debe aplicarse el artículo
1486 del Código Civil, enmendado por ley de 24 de febrero de 1906, precep-
tivo de que cuando no hubiere convenio y surgieren diferencias, la parte con
derecho a la remuneración podrá reclamar y obtener en juicio de la otra
parte, ante cualquier corte de jurisdicción competente, el importe razonable
de dichos servicios.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Alvarez Nava & Domínguez.*

Abogados del apelado: *Sres. Eugenio Benítez Castaño* y
*M. Benítez Flores.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Se trata de una acción sobre cobro de honorarios por
servicios profesionales.

El demandante abogado Willis Sweet reclama al deman-
dado Benito Zalduondo en su demanda jurada, radicada el
día 13 de marzo de 1917 en la Corte de Distrito de San Juan,
Sección 2ª., el pago de $500 que le adeuda de $1,250 en que
fueron convenidos los honorarios del demandante por llevar
la defensa del demandado en pleito de Luis Muñoz Rivera
contra Zalduondo y Carreras, sobre reclamación de $15,000
en concepto de daños y perjuicios por libelo, de cuya suma

había recibido el demandante $750. También reclama el demandante al demandado $1,000 por honorarios devengados en pleito análogo del mismo Muñoz Rivera contra el periódico "La Correspondencia" y otro, en el que no hubo estipulación de honorarios.

Al contestar la demanda alegó el demandado que los honorarios en ambos pleitos fueron convenidos en $750, y en igual cantidad los honorarios de la defensa de Zalduondo en contrademanda presentada por éste en el primero de dichos pleitos, reclamando a Muñoz Rivera $50,000 en concepto de daños y perjuicios también por libelo, ascendiendo aquellas partidas a la suma de $1,500 que redujeron luego a $1,250, de cuya suma recibió el demandante $750 y últimamente $150 como saldo de cuentas en virtud de convenio final habido entre ambos, sin que por tanto adeude cantidad alguna al demandante.

Celebrado el juicio la corte, en vista del resultado de las pruebas, estableció como conclusiones de hecho que el demandante convino con el demandado la defensa en los dos pleitos expresados por la suma de $1,250, de los que sólo ha pagado el demandado $750, debiéndole por tanto $500; que los dos pleitos fueron desestimados antes de llegar a vista final; y que en la representación de Zalduondo interpuso Sweet contra demanda a Muñoz Rivera sin que fueran estipulados los honorarios que por esa defensa había de percibir, los que la corte estima en la suma de $200.

Con tales conclusiones por base fué dictada sentencia en 31 de julio de 1917 "condenando al demandado Benito Zalduondo al pago de la suma de $700, intereses legales sobre esa suma desde la interposición de la demanda, y costas, gastos y honorarios de abogado," contra cuya sentencia interpuso Zalduondo recurso de apelación para ante esta Corte Suprema.

Alega el apelante en apoyo de la revocación de la senten-

cia apelada que la corte cometió error en la apreciación de las pruebas, al no estimar que los honorarios de ambos pleitos y los de la contrademanda fueron estipulados conjuntamente en la suma de $1,250 y al apreciar que de esa suma únicamente habían sido satisfechos $750 cuando fueron pagados $900. También alega que al demandante sólo asiste el derecho de demandar por el "quantum meruit" o sea por el valor razonable de los servicios profesionales que prestó a Zalduondo, toda vez que los pleitos no fueron llevados a sentencia final por los méritos de los mismos. Y añade por último que la corte cometió error al condenar al demandado al pago de costas, gastos y honorarios de abogado.

Hemos examinado la evidencia aportada al juicio por ambas partes. Se trata de un caso de evidencia contradictoria y no aparece que la corte de distrito actuara movida por pasión, prejuicio o parcialidad o que cometiera algún error manifiesto. Pero como de las pruebas resulta que las demandas en los casos en que se originaron los honorarios fueron desestimadas por la Corte de Distrito de los Estados Unidos para Puerto Rico sin celebración de juicio alguno, en enero 10, 1916, a virtud de mociones del abogado Sweet en representación de Zalduondo, por falta de gestión del demandante Muñoz Rivera, opinamos que el convenio habido entre demandante y demandado fijando la suma de $1,250 por la defensa del primero en ambos pleitos no puede ser extensivo al caso de abandono de las demandas por el demandante Muñoz Rivera.

El artículo 1250 del Código Civil Revisado, 1283 del Español, aplicado por la Corte Suprema de los Estados Unidos en el caso de esta isla *Sucesión de Serrallés* v. *Esbrí,* 200 U. S. 103, preceptúa que cualquiera que sea la generalidad de los términos de un contrato no deberán estimarse comprendidos en él cosas distintas y casos diferentes de aquellos sobre que los interesados se propusieron contratar.

Willis Sweet y Benito Zalduondo contrataron cantidad fija de honorarios por la defensa del segundo en los dos casos de que se trata y el abandono de las demandas por el demandante Muñoz Rivera, proceder completamente ajeno a la voluntad de Zalduondo y que precisamente venía a hacer innecesaria la defensa que era la materia del convenio, no pudo estar en la mente de las partes contratantes.

No habiendo habido convenio entre las partes para la remuneración de los servicios profesionales que el abogado Sweet llegó a prestar a Zalduondo, es de aplicación el artículo 1486 del Código Civil, enmendado por Ley de 24 de febrero de 1906, preceptivo de que cuando no hubiere convenio y surgieren diferencias, la parte con derecho a la remuneración podrá reclamar y obtener en juicio de la otra parte ante cualquier corte de jurisdicción competente el importe razonable de dichos servicios.

El abogado Sweet gestionó el traslado de los dos pleitos de la Corte de Distrito de San Juan a la Corte de Distrito de los Estados Unidos para Puerto Rico, para lo cual hubo de estudiar la importante cuestión de jurisdicción de la corte federal con relación a los dos pleitos iniciados por Muñoz Rivera. Sweet contestó la demanda en el caso contra Zalduondo y Carreras y hubo de someter a estudio las cuestiones en ambos casos por más que no fueran llevados a juicio. En los dos pleitos la cuantía de la reclamación era de $15,000 en concepto de daños y perjuicios por libelo. Muñoz Rivera era Comisionado Residente en Washington y figura muy prominente en la política del país. El éxito de los dos pleitos afectaba grandemente al crédito profesional del letrado Willis Sweet en una contienda sobre libelo entablada por Muñoz Rivera contra Benito Zalduondo.

Atendidas las razones expuestas, los honorarios por los servicios profesionales que de hecho prestó Sweet a Zalduondo en los dos pleitos expresados pueden apreciarse razonablemente en la suma de $1,000. Como a Sweet sólo fue-

ron satisfechos $750 y no más, según apreciación de la corte sentenciadora, queda debiéndole Zalduondo $250.

En cuanto a los servicios profesionales de Sweet por la contrademanda, han sido apreciados por la corte inferior en la suma de $200, y contra tal apreciación no ha interpuesto Sweet recurso alguno. Dicha suma y la anterior de $250 dan un total de $450 que Zalduondo está en el deber de pagar a Sweet con los intereses a contar desde la fecha de la interposición de la demanda.

Por lo que atañe a la condena de costas, gastos y honorarios de abogado, opinamos que atendidas todas las circunstancias del caso no hubo temeridad o culpabilidad por parte de Zalduondo al defenderse de la reclamación que le hizo el demandante, y por tanto que la corte inferior infringió el artículo 327 del Código de Enjuiciamiento Civil según quedó redactado por Ley de 12 de marzo de 1908, sin que hubiera culpabilidad en su defensa. *Martínez* v. *Padilla,* 19 D. P. R. 582, y *Vivas et al.* v. *Hernaiz, Targa & Co., et al.,* 24 D. P. R. 836.

Por las razones expuestas es de modificarse la sentencia apelada, condenando al demandado a pagar al demandante la suma de $450, e intereses legales a contar desde 13 de marzo de 1917, fecha de la interposición de la demanda, sin costas, gastos ni honorarios de abogado.

> *Modificada la sentencia condenando al demandado a pagar $450 e intereses a contar desde la interposición de la demanda, sin costas, desembolsos ni honorarios de abogado.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Asociados Sres. Wolf y Aldrey no intervinieron en la resolución de este caso.